**THE LAW OFFICE OF ADAM M. KOTLAR, LLC**
Jose W. Hernandez, Esquire
NJ ID# 02110-1994
1913 Greentree Road, Suite C
Cherry Hill, NJ 08003
Telephone: 856-751-7676
Facsimile: 856-751-5357
Attorney for Plaintiffs

| | |
|---|---|
| MAURICE GREGOIRE and CATHERINE GREGOIRE, his wife,<br><br>Plaintiffs<br><br>vs.<br><br>NOEL FORTUN, FORTUN TRUCKING SERVICES, INC., AVALANCHE EXPRESS, AVALANCHE TRANSPORT CORP., SCS LOGISTICS, LLC, SCS LOGISTICS, LLC dba AVALANCHE EXPRESS, TUMI TRANSPORTATION, John Does 1-10, ABC Corporation, and XYZ Partnership, (fictitiously Named Defendants),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO. *L-2160-17*<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiffs, MAURICE GREGOIRE and CATHERINE GREGOIRE, residing at 13 Kresson Court, in the borough of Berlin, County of Camden, State of New Jersey, complaining of the Defendants state as follows:

**FIRST COUNT - NOEL FORTUN, FORTUN TRUCKING SERVICE, INC**

1.   On or about July 13, 2015, Plaintiff, MAURICE GREGOIRE, was the operator of a motor vehicle merging from the Marter Avenue exit ramp onto Interstate 295 south in the city of Mt. Laurel, County of Burlington, State of New Jersey.

2.   At the time and place aforesaid, Defendant, FORTUN TRUCKING SERVICE, INC., with an address of 295 NW 57th Avenue, Miami, FL 33125, by and through their employee, servant, agent or workman, NOEL FORTUN, owned and/or operated a motor

vehicle which was so negligently, recklessly and/or carelessly operated so as to violently collide and strike the vehicle operated by the Plaintiff, MAURICE GREGOIRE.

3. Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of his employment or agency for the Defendant, FORTUN TRUCKING SERVICE, INC.

4. Defendant, FORTUN TRUCKING SERVICE, INC., by and through their employee or agent, NOEL FORTUN, and NOEL FORTUN, individually, was negligent, careless and/or reckless in the operation of the aforesaid vehicle in that same was operated upon the highway without care or concern for the rights and safety of the Plaintiff, MAURICE GREGOIRE, operating the vehicle in an unsafe manner under the circumstances, and further the operator was otherwise inattentive and careless all of which caused the collision with Plaintiff's vehicle.

5. As a result of the collision, Plaintiff, MAURICE GREGOIRE, was violently thrown about the inside of his vehicle and suffered severe painful bodily injuries, all or some of which are or may be permanent in nature and duration and which will, in the future cause him great pain and discomfort.

6. As a result of the collision, the Plaintiff, MAURICE GREGOIRE, suffered severe painful bodily injuries, all or some of which are or may be permanent in nature, which have caused significant limitations of use and/or function upon Plaintiff's body.

7. As a result of said injuries Plaintiff, MAURICE GREGOIRE, was obliged to undergo medical care and treatment at great expense of time and money all of which further incapacitated him from pursuing his usual and customary activities and employment and which will, in the future incapacitate and/or significantly limit enjoyment of his usual and customary activities and employment.

8.  Pursuant to N.J.S.A. 39:6A-1 et seq, and 39:6A-8, the injuries sustained by the Plaintiff, MAURICE GREGOIRE, are excluded from limitations upon his right and/or ability to seek recovery for non-economic losses, such injuries being permanent injuries within a reasonable degree of medical probability, other than scarring or disfigurement.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, FORTUN TRUCKING SERVICE, INC., and/or NOEL FORTUN, jointly and severally, for damages, interest, attorney's fees and costs of suit.

SECOND COUNT - NOEL FORTUN, FORTUN TRUCKING SERVICE, INC

9.  For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this Complaint as if set forth at length.

10. At the time and place aforesaid, Defendant, FORTUN TRUCKING SERVICE, INC., by and through their employee, servant, agent or workman, NOEL FORTUN, owned and/or operated a motor vehicle which was so negligently, recklessly and/or carelessly operated so as to violently collide and strike the vehicle operated by the Plaintiff.

11. Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of his employment or agency for the Defendant, FORTUN TRUCKING SERVICE, INC.

12. Defendant, FORTUN TRUCKING SERVICE, INC., by and through their employee or agent, NOEL FORTUN, and NOEL FORTUN, individually, was negligent, careless and/or reckless in the operation of the aforesaid vehicle in that same was operated upon the highway without care or concern for the rights and safety of the Plaintiff, operating the vehicle in an unsafe manner under the circumstances, and further the operator was otherwise inattentive and careless all of which caused the collision with Plaintiff's vehicle.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, FORTUN TRUCKING SERVICE, INC. and/or NOEL FORTUN, jointly and severally for damages, interest, attorney's fees and costs of suit.

### THIRD COUNT - NOEL FORTUN and FORTUN TRUCKING SERVICE, INC

13.   For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

14.   At the time and place aforesaid, Defendant, FORTUN TRUCKING SERVICE, INC., was negligent in entrusting their automobile to Defendant, NOEL FORTUN, and/or failed to properly train or advise NOEL FORTUN in the proper and safe operation of his vehicle.

15.   As a result of the negligence of Defendant, FORTUN TRUCKING SERVICE, INC., an accident occurred and the Plaintiff suffered injuries.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, FORTUN TRUCKING SERVICE, INC. and/or NOEL FORTUN, jointly and severally for damages, interest, attorney's fees and costs of suit.

### FOURTH COUNT - NOEL FORTUN

16.   For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

17.   Defendant, NOEL FORTUN, resides 295 NW 57th Avenue, Miami, FL 33125

18.   The aforesaid accident was caused as a result of the negligence, carelessness and/or recklessness of the Defendant, NOEL FORTUN, individually, in the operation of the vehicle as aforesaid.

WHEREFORE, Plaintiff, PLAINTIFF, demands judgment against the Defendant, NOEL FORTUN, for damages, interest, attorney's fees and costs of suit.

### FIFTH COUNT - AVALANCHE EXPRESS and NOEL FORTUN

19. For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

20. At the time and place aforesaid, Defendant, AVALANCHE EXPRESS, with an address of 15746 SW 50 Terrace, Miami, FL 33185, by and through their employee, servant, agent or workman, NOEL FORTUN, owned and/or operated a motor vehicle which was so negligently, recklessly and/or carelessly operated so as to violently collide and strike the vehicle operated by the Plaintiff, MAURICE GREGOIRE.

21. Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of his employment or agency for the Defendant, AVALANCHE EXPRESS.

22. Defendant, AVALANCHE EXPRESS, by and through their employee or agent, NOEL FORTUN, and NOEL FORTUN, individually, was negligent, careless and/or reckless in the operation of the aforesaid vehicle in that same was operated upon the highway without care or concern for the rights and safety of the Plaintiff, MAURICE GREGOIRE, operating the vehicle in an unsafe manner under the circumstances, and further the operator was otherwise inattentive and careless all of which caused the collision with Plaintiff's vehicle.

23. As a result of the collision, Plaintiff, MAURICE GREGOIRE, was violently thrown about the inside of his vehicle and suffered severe painful bodily injuries, all or some of which are or may be permanent in nature and duration and which will, in the future cause him great pain and discomfort.

24. As a result of the collision, the Plaintiff, MAURICE GREGOIRE, suffered severe painful bodily injuries, all or some of which are or may be permanent in nature, which have caused significant limitations of use and/or function upon Plaintiff's body.

25. As a result of said injuries Plaintiff, MAURICE GREGOIRE, was obliged to undergo medical care and treatment at great expense of time and money all of which further incapacitated him from pursuing his usual and customary activities and employment and which will, in the future incapacitate and/or significantly limit enjoyment of his usual and customary activities and employment.

26. Pursuant to N.J.S.A. 39:6A-1 et seq, and 39:6A-8, the injuries sustained by the Plaintiff, MAURICE GREGOIRE, are excluded from limitations upon his right and/or ability to seek recovery for non-economic losses, such injuries being permanent injuries within a reasonable degree of medical probability, other than scarring or disfigurement.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, AVALANCHE EXPRESS, and/or NOEL FORTUN, jointly and severally, for damages, interest, attorney's fees and costs of suit.

SIXTH COUNT - AVALANCHE EXPRESS and NOEL FORTUN

27. For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

28. At the time and place aforesaid, Defendant, AVALANCHE EXPRESS, by and through their employee, servant, agent or workman, NOEL FORTUN, owned and/or operated a motor vehicle which was so negligently, recklessly and/or carelessly operated so as to violently collide and strike the vehicle operated by the Plaintiff.

29.   Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of

his employment or agency for the Defendant, AVALANCHE EXPRESS.

30.   Defendant, AVALANCHE EXPRESS, by and through their employee or agent, NOEL

FORTUN, and NOEL FORTUN, individually, was negligent, careless and/or reckless in

the operation of the aforesaid vehicle in that same was operated upon the highway

without care or concern for the rights and safety of the Plaintiff, operating the vehicle in

an unsafe manner under the circumstances, and further the operator was otherwise

inattentive and careless all of which caused the collision with Plaintiff's vehicle.

**WHEREFORE,** Plaintiff, MAURICE GREGOIRE, demands judgment against the

Defendants, AVALANCHE EXPRESS and/or NOEL FORTUN, jointly and severally for

damages, interest, attorney's fees and costs of suit.

**SEVENTH COUNT - AVALANCHE EXPRESS and NOEL FORTUN**

31.   For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this

complaint as if set forth at length.

32.   At the time and place aforesaid, Defendant, AVALANCHE EXPRESS, was negligent in

entrusting their automobile to Defendant, NOEL FORTUN, and/or failed to properly

train or advise NOEL FORTUN in the proper and safe operation of his vehicle.

33.   As a result of the negligence of Defendant, AVALANCHE EXPRESS, an accident

occurred and the Plaintiff suffered injuries.

**WHEREFORE,** Plaintiff, MAURICE GREGOIRE, demands judgment against the

Defendants, AVALANCHE EXPRESS and/or NOEL FORTUN, jointly and severally for

damages, interest, attorney's fees and costs of suit.

**EIGHTH COUNT - AVALANCHE TRANSPORT CORP. and NOEL FORTUN**

34.     For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this
complaint as if set forth at length.

35.     At the time and place aforesaid, Defendant, AVALANCHE TRANSPORT CORP., with
an address of 15746 SW 50 Terrace, Miami, FL 33185, by and through their employee,
servant, agent or workman, NOEL FORTUN, owned and/or operated a motor vehicle
which was so negligently, recklessly and/or carelessly operated so as to violently collide
and strike the vehicle operated by the Plaintiff, MAURICE GREGOIRE.

36.     Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of
his employment or agency for the Defendant, AVALANCHE TRANSPORT CORP.

37.     Defendant, AVALANCHE TRANSPORT CORP., by and through their employee or
agent, NOEL FORTUN, and NOEL FORTUN, individually, was negligent, careless
and/or reckless in the operation of the aforesaid vehicle in that same was operated upon
the highway without care or concern for the rights and safety of the Plaintiff, MAURICE
GREGOIRE, operating the vehicle in an unsafe manner under the circumstances, and
further the operator was otherwise inattentive and careless all of which caused the
collision with Plaintiff's vehicle.

38.     As a result of the collision, Plaintiff, MAURICE GREGOIRE, was violently thrown
about the inside of his vehicle and suffered severe painful bodily injuries, all or some of
which are or may be permanent in nature and duration and which will, in the future cause
him great pain and discomfort.

39.   As a result of the collision, the Plaintiff, MAURICE GREGOIRE, suffered severe painful bodily injuries, all or some of which are or may be permanent in nature, which have caused significant limitations of use and/or function upon Plaintiff's body.

40.   As a result of said injuries Plaintiff, MAURICE GREGOIRE, was obliged to undergo medical care and treatment at great expense of time and money all of which further incapacitated him from pursuing his usual and customary activities and employment and which will, in the future incapacitate and/or significantly limit enjoyment of his usual and customary activities and employment.

41.   Pursuant to N.J.S.A. 39:6A-1 et seq, and 39:6A-8, the injuries sustained by the Plaintiff, MAURICE GREGOIRE, are excluded from limitations upon his right and/or ability to seek recovery for non-economic losses, such injuries being permanent injuries within a reasonable degree of medical probability, other than scarring or disfigurement.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, AVALANCHE TRANSPORT CORP., and/or NOEL FORTUN, jointly and severally, for damages, interest, attorney's fees and costs of suit.

NINTH COUNT - AVALANCHE TRANSPORT CORP. and NOEL FORTUN

42.   For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

43.   At the time and place aforesaid, Defendant, AVALANCHE TRANSPORT CORP., by and through their employee, servant, agent or workman, NOEL FORTUN, owned and/or operated a motor vehicle which was so negligently, recklessly and/or carelessly operated so as to violently collide and strike the vehicle operated by the Plaintiff.

44.  Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of his employment or agency for the Defendant, AVALANCHE TRANSPORT CORP.

45.  Defendant, AVALANCHE TRANSPORT CORP., by and through their employee or agent, NOEL FORTUN, and NOEL FORTUN, individually, was negligent, careless and/or reckless in the operation of the aforesaid vehicle in that same was operated upon the highway without care or concern for the rights and safety of the Plaintiff, operating the vehicle in an unsafe manner under the circumstances, and further the operator was otherwise inattentive and careless all of which caused the collision with Plaintiff's vehicle.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, AVALANCHE TRANSPORT CORP. and/or NOEL FORTUN, jointly and severally for damages, interest, attorney's fees and costs of suit.

TENTH COUNT - AVALANCHE TRANSPORT CORP. and NOEL FORTUN

46.  For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

47.  At the time and place aforesaid, Defendant, AVALANCHE TRANSPORT CORP., was negligent in entrusting their automobile to Defendant, NOEL FORTUN, and/or failed to properly train or advise NOEL FORTUN in the proper and safe operation of his vehicle.

48.  As a result of the negligence of Defendant, AVALANCHE TRANSPORT CORP., an accident occurred and the Plaintiff suffered injuries.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, AVALANCHE TRANSPORT CORP. and/or NOEL FORTUN, jointly and severally for damages, interest, attorney's fees and costs of suit.

ELEVENTH COUNT – SCS LOGISTICS, LLC and NOEL FORTUN

49.   For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

50.   At the time and place aforesaid, Defendant, SCS LOGISTICS, LLC, with an address of 1301 NW 89TH Court, Suite 218, Doral, FL 33172, by and through their employee, servant, agent or workman, NOEL FORTUN, owned and/or operated a motor vehicle which was so negligently, recklessly and/or carelessly operated so as to violently collide and strike the vehicle operated by the Plaintiff, MAURICE GREGOIRE.

51.   Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of his employment or agency for the Defendant, SCS LOGISTICS, LLC.

52.   Defendant, SCS LOGISTICS, LLC, by and through their employee or agent, NOEL FORTUN, and NOEL FORTUN, individually, was negligent, careless and/or reckless in the operation of the aforesaid vehicle in that same was operated upon the highway without care or concern for the rights and safety of the Plaintiff, MAURICE GREGOIRE, operating the vehicle in an unsafe manner under the circumstances, and further the operator was otherwise inattentive and careless all of which caused the collision with Plaintiff's vehicle.

53.   As a result of the collision, Plaintiff, MAURICE GREGOIRE, was violently thrown about the inside of his vehicle and suffered severe painful bodily injuries, all or some of which are or may be permanent in nature and duration and which will, in the future cause him great pain and discomfort.

54.   As a result of the collision, the Plaintiff, MAURICE GREGOIRE, suffered severe painful bodily injuries, all or some of which are or may be permanent in nature, which have caused significant limitations of use and/or function upon Plaintiff's body.

55.   As a result of said injuries Plaintiff, MAURICE GREGOIRE, was obliged to undergo medical care and treatment at great expense of time and money all of which further incapacitated him from pursuing his usual and customary activities and employment and which will, in the future incapacitate and/or significantly limit enjoyment of his usual and customary activities and employment.

56.   Pursuant to N.J.S.A. 39:6A-1 et seq, and 39:6A-8, the injuries sustained by the Plaintiff, MAURICE GREGOIRE, are excluded from limitations upon his right and/or ability to seek recovery for non-economic losses, such injuries being permanent injuries within a reasonable degree of medical probability, other than scarring or disfigurement.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, SCS LOGISTICS, LLC, and/or NOEL FORTUN, jointly and severally, for damages, interest, attorney's fees and costs of suit.

TWELFTH COUNT - SCS LOGISTICS, LLC and NOEL FORTUN

57.   For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

58.   At the time and place aforesaid, Defendant, SCS LOGISTICS, LLC, by and through their employee, servant, agent or workman, NOEL FORTUN, owned and/or operated a motor vehicle which was so negligently, recklessly and/or carelessly operated so as to violently collide and strike the vehicle operated by the Plaintiff.

59. Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of his employment or agency for the Defendant, SCS LOGISTICS, LLC.

60. Defendant, SCS LOGISTICS, LLC, by and through their employee or agent, NOEL FORTUN, and NOEL FORTUN, individually, was negligent, careless and/or reckless in the operation of the aforesaid vehicle in that same was operated upon the highway without care or concern for the rights and safety of the Plaintiff, operating the vehicle in an unsafe manner under the circumstances, and further the operator was otherwise inattentive and careless all of which caused the collision with Plaintiff's vehicle.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, SCS LOGISTICS, LLC and/or NOEL FORTUN, jointly and severally for damages, interest, attorney's fees and costs of suit.

### THIRTEENTH COUNT - SCS LOGISTICS, LLC and NOEL FORTUN

61. For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

62. At the time and place aforesaid, Defendant, SCS LOGISTICS, LLC, was negligent in entrusting their automobile to Defendant, NOEL FORTUN, and/or failed to properly train or advise NOEL FORTUN in the proper and safe operation of his vehicle.

63. As a result of the negligence of Defendant, SCS LOGISTICS, LLC, an accident occurred and the Plaintiff suffered injuries.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, SCS LOGISTICS, LLC and/or NOEL FORTUN, jointly and severally for damages, interest, attorney's fees and costs of suit.

## FOURTEENTH COUNT - SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS

### and NOEL FORTUN

64.     For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this

complaint as if set forth at length.

65.     At the time and place aforesaid, Defendant, SCS LOGISTICS, LLC DBA AVALANCHE

EXPRESS, with an address of 1301 NW 89TH Court, Suite 218, Doral, FL 33172, by

and through their employee, servant, agent or workman, NOEL FORTUN, owned and/or

operated a motor vehicle which was so negligently, recklessly and/or carelessly operated

so as to violently collide and strike the vehicle operated by the Plaintiff, MAURICE

GREGOIRE.

66.     Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of

his employment or agency for the Defendant, SCS LOGISTICS, LLC DBA

AVALANCHE EXPRESS.

67.     Defendant, SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS, by and through

their employee or agent, NOEL FORTUN, and NOEL FORTUN, individually, was

negligent, careless and/or reckless in the operation of the aforesaid vehicle in that same

was operated upon the highway without care or concern for the rights and safety of the

Plaintiff, MAURICE GREGOIRE, operating the vehicle in an unsafe manner under the

circumstances, and further the operator was otherwise inattentive and careless all of

which caused the collision with Plaintiff's vehicle.

68.     As a result of the collision, Plaintiff, MAURICE GREGOIRE, was violently thrown

about the inside of his vehicle and suffered severe painful bodily injuries, all or some of

which are or may be permanent in nature and duration and which will, in the future cause

him great pain and discomfort.

69.   As a result of the collision, the Plaintiff, MAURICE GREGOIRE, suffered severe painful

bodily injuries, all or some of which are or may be permanent in nature, which have

caused significant limitations of use and/or function upon Plaintiff's body.

70.   As a result of said injuries Plaintiff, MAURICE GREGOIRE, was obliged to undergo

medical care and treatment at great expense of time and money all of which further

incapacitated him from pursuing his usual and customary activities and employment and

which will, in the future incapacitate and/or significantly limit enjoyment of his usual and

customary activities and employment.

71.   Pursuant to N.J.S.A. 39:6A-1 et seq, and 39:6A-8, the injuries sustained by the Plaintiff,

MAURICE GREGOIRE, are excluded from limitations upon his right and/or ability to

seek recovery for non-economic losses, such injuries being permanent injuries within a

reasonable degree of medical probability, other than scarring or disfigurement.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the

Defendants, SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS, and/or NOEL FORTUN,

jointly and severally, for damages, interest, attorney's fees and costs of suit.

## FIFTEENTH COUNT - SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS
### and NOEL FORTUN

72.   For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this

complaint as if set forth at length.

73.   At the time and place aforesaid, Defendant, SCS LOGISTICS, LLC DBA AVALANCHE

EXPRESS, by and through their employee, servant, agent or workman, NOEL FORTUN,

owned and/or operated a motor vehicle which was so negligently, recklessly and/or carelessly operated so as to violently collide and strike the vehicle operated by the Plaintiff.

74.     Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of his employment or agency for the Defendant, SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS.

75.     Defendant, SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS, by and through their employee or agent, NOEL FORTUN, and NOEL FORTUN, individually, was negligent, careless and/or reckless in the operation of the aforesaid vehicle in that same was operated upon the highway without care or concern for the rights and safety of the Plaintiff, operating the vehicle in an unsafe manner under the circumstances, and further the operator was otherwise inattentive and careless all of which caused the collision with Plaintiff's vehicle.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS and/or NOEL FORTUN, jointly and severally for damages, interest, attorney's fees and costs of suit.

### SIXTEENTH COUNT - SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS and NOEL FORTUN

76.     For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

77.     At the time and place aforesaid, Defendant, SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS, was negligent in entrusting their automobile to Defendant, NOEL FORTUN,

and/or failed to properly train or advise NOEL FORTUN in the proper and safe operation of his vehicle.

78. As a result of the negligence of Defendant, SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS, an accident occurred and the Plaintiff suffered injuries.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, SCS LOGISTICS, LLC DBA AVALANCHE EXPRESS and/or NOEL FORTUN, jointly and severally for damages, interest, attorney's fees and costs of suit.

SEVENTEENTH COUNT - TUMI TRANSPORTATION and NOEL FORTUN

79. For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

80. At the time and place aforesaid, Defendant, TUMI TRANSPORTATION, by and through their employee, servant, agent or workman, NOEL FORTUN, owned and/or operated a motor vehicle which was so negligently, recklessly and/or carelessly operated so as to violently collide and strike the vehicle operated by the Plaintiff, MAURICE GREGOIRE.

81. Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of his employment or agency for the Defendant, TUMI TRANSPORTATION.

82. Defendant, TUMI TRANSPORTATION, by and through their employee or agent, NOEL FORTUN, and NOEL FORTUN, individually, was negligent, careless and/or reckless in the operation of the aforesaid vehicle in that same was operated upon the highway without care or concern for the rights and safety of the Plaintiff, MAURICE GREGOIRE, operating the vehicle in an unsafe manner under the circumstances, and further the operator was otherwise inattentive and careless all of which caused the collision with Plaintiff's vehicle.

83.   As a result of the collision, Plaintiff, MAURICE GREGOIRE, was violently thrown

about the inside of his vehicle and suffered severe painful bodily injuries, all or some of

which are or may be permanent in nature and duration and which will, in the future cause

him great pain and discomfort.

84.   As a result of the collision, the Plaintiff, MAURICE GREGOIRE, suffered severe painful

bodily injuries, all or some of which are or may be permanent in nature, which have

caused significant limitations of use and/or function upon Plaintiff's body.

85.   As a result of said injuries Plaintiff, MAURICE GREGOIRE, was obliged to undergo

medical care and treatment at great expense of time and money all of which further

incapacitated him from pursuing his usual and customary activities and employment and

which will, in the future incapacitate and/or significantly limit enjoyment of his usual and

customary activities and employment.

86.   Pursuant to N.J.S.A. 39:6A-1 et seq, and 39:6A-8, the injuries sustained by the Plaintiff,

MAURICE GREGOIRE, are excluded from limitations upon his right and/or ability to

seek recovery for non-economic losses, such injuries being permanent injuries within a

reasonable degree of medical probability, other than scarring or disfigurement.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the

Defendants, TUMI TRANSPORTATION, and/or NOEL FORTUN, jointly and severally, for

damages, interest, attorney's fees and costs of suit.

EIGHTEENTH COUNT - TUMI TRANSPORTATION and NOEL FORTUN

87.   For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this

complaint as if set forth at length.

88.   At the time and place aforesaid, Defendant, TUMI TRANSPORTATION, by and through

their employee, servant, agent or workman, NOEL FORTUN, owned and/or operated a

motor vehicle which was so negligently, recklessly and/or carelessly operated so as to

violently collide and strike the vehicle operated by the Plaintiff.

89.   Defendant, NOEL FORTUN, was at all times relevant hereto, acting within the scope of his

employment or agency for the Defendant, TUMI TRANSPORTATION.

90.   Defendant, TUMI TRANSPORTATION, by and through their employee or agent, NOEL

FORTUN, and NOEL FORTUN, individually, was negligent, careless and/or reckless in

the operation of the aforesaid vehicle in that same was operated upon the highway without

care or concern for the rights and safety of the Plaintiff, operating the vehicle in an unsafe

manner under the circumstances, and further the operator was otherwise inattentive and

careless all of which caused the collision with Plaintiff's vehicle.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the

Defendants, TUMI TRANSPORTATION and/or NOEL FORTUN, jointly and severally for

damages, interest, attorney's fees and costs of suit.

**NINETEENTH COUNT - TUMI TRANSPORTATION and NOEL FORTUN**

91.   For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this

complaint as if set forth at length.

92.   At the time and place aforesaid, Defendant, TUMI TRANSPORTATION, was negligent in

entrusting their automobile to Defendant, NOEL FORTUN, and/or failed to properly train

or advise NOEL FORTUN in the proper and safe operation of his vehicle.

93.   As a result of the negligence of Defendant, TUMI TRANSPORTATION, an accident

occurred and the Plaintiff suffered injuries.

WHEREFORE, Plaintiff, MAURICE GREGOIRE, demands judgment against the Defendants, TUMI TRANSPORTATION and/or NOEL FORTUN, jointly and severally for damages, interest, attorney's fees and costs of suit.

### TWENTIETH COUNT – PER QUOD

94.   For sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

95.   Defendant, CATHERINE GREGOIRE, at all times relevant hereto, has been the husband of MAURICE GREGOIRE.

96.   As a result of the injuries sustained by MAURICE GREGOIRE, Plaintiff, CATHERINE GREGOIRE, has been and will for an indefinite time in the future be denied the friendship, companionship and consortium of his wife, MAURICE GREGOIRE.

97.   As a further result of said injuries, Plaintiff, CATHERINE GREGOIRE, has been obliged to serve as caretaker of the needs and complaints of his wife all of which has caused great emotional and physical harm to their relationship, and has thereby caused diminished and/or loss of enjoyment of life and life's experiences.

WHEREFORE, Plaintiff, CATHERINE GREGOIRE, demands judgment against the Defendants, FORTUN TRUCKING SERVICE, INC. and NOEL FORTUN, for damages, interest, attorney's fees and costs of suit.

### TWENTY-FIRST COUNT

98.   For the sake of brevity, Plaintiffs incorporate by reference all other paragraphs of this complaint as if set forth at length.

99.   Defendants John Does 1-10 are unknown operators of the tractor, truck and trailer who so negligently, recklessly and/or carelessly operated so as to violently collide and strike the vehicle operated by the Plaintiff.

100.   Defendants John Does 1-10 are unknown defendants that owned the tractor, truck and trailer operated by NOEL FORTUN and or John Does 1-10 and that collided with the vehicle operated by the Plaintiff and who negligently entrusted the vehicle to these defendants at the time of the motor vehicle accident.

101.   Defendants ABC Corporations and XYZ Partnerships are corporations that owned the tractor, truck and trailer operated by NOEL FORTUN and or John Does 1-10 and that collided with the vehicle operated by the Plaintiff and who negligently entrusted the vehicle to these defendants at the time of the motor vehicle accident.

102.   Defendants ABC Corporations and XYZ Partnerships are corporate entities that employed Defendant NOEL FORTUN and John Does 1-10.   At the time of the collision with Plaintiff's vehicle, Defendant NOEL FORTUN and John Does, 1-10 were in the course of their employment and acting within the scope of their employment with Defendants ABC Corporations and XYZ Partnerships.   Defendants ABC Corporations and XYZ Partnerships are liable to the Plaintiffs under the principles of Respondeat Superior and principles of agency.

103.   The Defendants, John Does 1 -10 and the Defendants ABC Corporations and XYZ Partnerships, are also unknown Defendants who are liable for the injuries sustained by the Plaintiffs.

104.   The aforesaid accident was caused as a result of the negligence, carelessness and/or

recklessness of the above-named Fictitious Defendants, individually, jointly and/or

severally.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants, John Does 1-10,

ABC Corporations, and XYZ Partnerships, for damages, interest, attorney's fees and costs of suit.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury in this matter.

### DEMAND FOR ANSWERS TO INTERROGATORIES

Please take notice that the Plaintiffs demand that Defendants provide certified answers to

those Interrogatories designated as Form C and Form C(1) as contained in Appendix II of the

Rules Governing the Courts of the State of New Jersey within sixty (60) days of service hereof.

### CERTIFICATION RULE 4:5-1

I hereby certify that:

1.   To the best of my knowledge and belief, this matter in controversy is not the

subject of any other action pending in any court or a pending arbitration

proceeding, nor is any such proceeding contemplated at this/here time.

2.   At this time and to the best of my knowledge and belief, there are no other parties

who may be joined in this/here action.

### DESIGNATION OF TRIAL COUNSEL

Jose W. Hernandez is hereby designated as trial counsel for this case.

### NOTICE PURSUANT TO RULES 1:5-1(A) AND 4:17-4(C)

TAKE NOTICE that the undersigned attorney, counsel for the Plaintiff, hereby demands

that each party herein serving pleadings and interrogatories and receiving answers thereto serve

copies of all such pleadings and answered interrogatories received from any party upon the undersigned attorney and TAKE NOTICE that this is a continuing demand.

### NOTICE PURSUANT TO RULE 1:7-1(b)

Please take notice that, pursuant to New Jersey Court Rule 1:7-1(b), the Plaintiffs may suggest to the trier of fact, with respect to any element of damages, that unliquidated damages be calculated on a time unit basis without reference to a specific sum.

Date: 7|13|17

Jose W. Hernandez
Attorney for Plaintiffs

Appendix XII-B1

| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME Adam M. Kotlar, Esq. | TELEPHONE NUMBER (856) 751-7676 | COUNTY OF VENUE Camden |
|---|---|---|

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) L-2760-17 |
|---|---|

| OFFICE ADDRESS 1913 Greentree Road Cherry Hill, NJ 08003 | DOCUMENT TYPE Complaint |
|---|---|
| | JURY DEMAND   ■ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Maurice Gregoire and Catherine Gregoire, Plaintiffs | CAPTION Maurice Gregoire, et al vs. Noel Fortun, et als |
|---|---|

| CASE TYPE NUMBER (See reverse side for listing) 603Y | HURRICANE SANDY RELATED? ☐ YES   ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING? ☐ Yes   ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes   ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) PIA Insurance, Inc.   ☐ NONE   ☐ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|
| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION |

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes   ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ Yes   ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

JUL 1 0 2017

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ YES   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: |
|---|

Effective 10/01/2016, CN 10517

page 1 of 2



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I – 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II – 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III – 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV – Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 292 | PELVIC MESH/BARD |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 289 | REGLAN | 601 | ASBESTOS |
| 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION | 623 | PROPECIA |
| 291 | PELVIC MESH/GYNECARE | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

Please check off each applicable category   ☐ Putative Class Action     ☐ Title 59